Palmer v. Simon's Agency So far, so good. Okay, so I think this case is only you. So, I've given you five minutes. So, the floor is yours. May it please the Court, Sergei Lemberg here representing myself with respect to Jeff Scon's sanctioned orders entered in the Northern District. I'm sorry to say this case is not as interesting as the prior one. I listened to it, but in preparing for it, there's always sort of, you know, what would I say if I don't get interrupted with questions? But I think the more important question for me was, well, what would I do differently? If I am, again, in Judge Scon's quarter in the Northern District of New York, as I am from time to time, what would I have done differently here if I had the benefit of hindsight? And so, I think the first issue on the filing of the amended complaint by the response deadline, I have to confess, you know, I've been practicing not as long as every judge on the court, but almost 20 years now. I'm almost always the plaintiff, and I'm almost always in the position of having a motion to dismiss and then responding to it either with an opposition or an amended complaint. And the nuance that the extension as to the opposition doesn't cover the amendment is the first time that I've seen this in my practice. I'm glad that I've learned my lesson here, that the time periods are not so extensive. But, you know, this falls into the category of, I think, inadvertency, if anything. And, you know, as the court can see from the decisions from other courts on this, there's clearly a difference of opinion. Some district court judges say, of course, the deadline is coextensive, and others don't. On the issue of the affidavit with the motion to amend, you know, again, I think that one might have considered submitting an affidavit just in the abundance of caution. But the rule itself doesn't require it. And the practice in the district, first of all, my own experience, but beyond that, the decisions of multiple district court judges, including Judge Scullin, refer to the A4 rule that governs amendments rather than A2 and A4. Mr. Lindberg, you just said that the rule does not require an affidavit. I am looking at Rule 7.1A, which says, all motions and oppositions to motions require a memorandum of law supporting affidavit and proof of service on all the parties. Is that not the relevant rule? I submit, Your Honor, that the relevant rule is A2 for all motions, and specifically for motions to amend, the relevant rule is A4. Well, A2 says an affidavit is required for all motions except the following, and it lists three. I didn't understand your motion to fit within one of those three. What am I missing? Your Honor, I think it's a fair point, and this goes into the category of when we looked at the rule, and this was actually an exchange in my office, this was not something that was done automatically, this was actually an associate came into my office and said, look, do we need an affidavit here? I looked at the rules and I said, look, I don't think so because A4 is what governs, but beyond that, what would we say in an affidavit? Here, what factual, what is an affidavit? Again, I think that one might have done it differently with the benefit of hindsight, but this is not a situation where sanctions under the law of the circuit are either appropriate or are levied with the requisite due process. Well, let me ask you to consider that we might view this as a situation in which a district court thought that you filed an amended complaint without following the rules because you did not file a motion for leave out of time, that he basically forgave that and gave you, in effect, a do-over by letting you file the motion, and when that motion was filed in what the district court found was not compliance with the rule, the district court thought you were reckless. You hadn't followed one rule, you were forgiven, you didn't follow another rule. Why isn't that the way we should look at it? The law of the circuit requires that in order for a bad faith sanction to be levied, there ought to be a hearing, there ought to be an opportunity to purge, and there ought to be specific notice. So those sanctions are not supportable, even if there is oversight. Well, the lack of notice was cured by granting you reconsideration. So why don't you get back, why isn't it a reckless performance of your duties as an officer of the court not to have followed rules? I just want to know what you would urge. I think, Judge, a hand on heart kind of response. I do not see these rules as being, you know, I've been in Judge Sullivan's courtroom before, and Judge Sullivan has had on the district court very explicit rules, and I remember them because I was there. He probably doesn't remember me. This is not a situation where there was recklessness. Perhaps there was, you know, there were different ways of looking at this rule, and the rules, the first submission, that order was ambiguous, so I don't believe there's any recklessness there. The second, I think that at most misreading the rule is a mistake, but it's not a mistake that is reckless. It falls into the category of something that is way short of a sanction. Can I ask you a question about the standard that applies here? I mean, there's a question about whether the district court was required to have made a finding of bad faith before entering sanctions as a function of its inherent authority, right? And I understand the case law that that's your position, right? Is there not also a provision explicitly in the local rules of the Northern District, and I'm looking at, I think it's 1.1d, that says failure of an attorney to comply with any of the rules shall be ground for imposition of sanctions. Is it your view that when the sanctions were, if they were based on that rule 1.1, would there also be a requirement of a finding of bad faith? In other words, do the promulgation of the local rules also constitute an exercise of the court's inherent authority as opposed to a specifically outlined authority? My view on this, Judge Nardini, is simple. You must follow the rules, and if you don't, you get penalized. The question how you get penalized is in the law of the circuit. If the sanction is bad faith, which, you know, it appears from the motion for reconsideration that the district court abandoned that standard and moved on to the standard in the Seltzer case, which is negligence or recklessness. Again, due process protections apply. These are constitutional protections, and they apply. And the notice, an opportunity to defend, an opportunity to know the standard by which I would be judged, those protections apply no matter whether the sanction is based on the local rules or in order that the court issues. I understand that point, but could I just ask you, is it your position that if the sanctions were grounded in Rule 1.1, is it your view that the district court would have been required to make a finding of bad faith? Maybe you haven't thought about it. I think the answer is probably not. I think that there are two, there appear to be at least two different ways to go about imposing sanctions. And I think the district court could have chosen the latter, the negligence slash recklessness, but it didn't follow the procedures mandated by this court and imposing those sanctions either. And so I think the answer is no. You don't need bad faith if there's reckless failure to perform your responsibilities as an officer of the court, isn't that right? We've said that in cases, that it has to be bad faith in the conduct of the litigation, or negligent or recklessly failing to perform your responsibilities as an officer of the court. Isn't that right? You don't need it, except you must have specific notice under SELSER. You must have notice of the standard to be used for the imposition of sanctions. You must be forewarned by the court regarding the authority for the imposition of sanctions. Right, that goes to the process question. I just wanted to, okay, thank you. Again, I leave the court saying that, you know, nobody is perfect and I'm not perfect. I'm not here to say I'm perfect. I'm just here to say that number one, the sanctions were, the conduct here, particularly given the case law dealing with sanctions out there, what kinds of things people do to deserve, in one of the cases, in Judge Kubin's court, you know, this is way short of that. But beyond that, the requirements set forth by this circuit case law were not followed here and the sanctions shouldn't have been levied based on the process the judge used. All right, thank you. Thank you. Lambert, we'll reserve decision. Thank you. And now we'll try to get back on track with the Suria v. City of New York case. Mr. White, you on the line? You might be still... Yes, Your Honor, I'm here. I'm going to ask Mr. Ogden to start his video now. Okay. Okay. We cannot, Mr. Albert, so do you see the mute, the microphone on your screen which says mute? No, we cannot hear you. We can't hear you, Mr. Albert. What you have to do is locate, there's a button, there's two options. You can either dial in by phone or you may have to switch your microphone. So next to your microphone on your screen, there's a little arrow. Next to the microphone where you mute yourself, don't click on the mute button, just click on the arrow and try switching your microphones. If you have another microphone there, see if it gives you another microphone to choose, which will be a computer microphone. I think I just heard you. Okay, can you hear me at this time? Yes. I apologize to the court. Someday I will learn to use electronic equipment. All right, no harm done. We managed to get back on track. Thank you, Mr. White, for your crackerjack skills and anticipating what the problem is. Thank you, Mr. White. Mr. Lee, you're still there? You haven't left just yet? I'm still here, Your Honor. Can you hear me? Yes.